UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT ANTHONY KARMEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:03 CV 904 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter arises on Movant Brett Anthony Karmey's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed July 7, 2003. (Doc. No. 1). Karmey challenges the Bureau of Prisons' execution of his sentence.

Although Karmey brought his motion pursuant to § 2255, it should have been brought under 28 U.S.C. § 2241 because it relates to the execution of the sentence, not to the imposition of the sentence. Cain v. Petrovsky, 798 F.2d 1194, 1196 n.6 (8th Cir. 1986). The Court will thus consider it as a § 2241 motion.

Karmey asserts that he should have received credit in his sentence for "all days spent in custody under federal detainer and in federal custody." (Motion, Doc. No. 1, at 5). He has not, however, exhausted his administrative remedies by presenting his claim to the Bureau of Prisons. See United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (prisoner must exhaust administrative remedies before seeking "an order addressing his right to pretrial credit against his federal sentence."). Karmey argues that exhaustion would be futile because the Bureau of Prisons "says it wasn't

1

authorized." (Supporting Facts, Doc. No. 6, at 1). Karmey provides no context for this communication. The Court finds this argument inadequate to prove futility. See <u>United States v. Moore</u>, 978 F.2d 1029, 1031 (8th Cir. 1992) (the Attorney General has delegated authority to the Bureau of Prisons to determine pretrial detention credit). Because Karmey has failed to exhaust his administrative remedies, his claim is dismissed without prejudice.

Karmey has also requested the Court to reconsider the amount of monetary penalties the Court imposed at sentencing.[1] (Motion for Reconsideration of Criminal Monetary Penalties, Doc. No. 6). The sole basis he asserts for reconsideration is that the penalty is "not viable." (Id.) 18 U.S.C. § 3663A provides for mandatory restitution in property crimes. In the plea agreement, Karmey acknowledged that this order of restitution was mandatory. (United States v. Karmey, 4:02CR138 JCH, Plea Agreement, Doc. No. 24, at 7). Karmey's motion for reconsideration is therefore denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** without prejudice. An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>19th</u> day of December, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] Karmey pled guilty to burglary of a pharmacy and a U.S. Post Office, which were housed in the same building. This Court ordered restitution of $6,920.00 to the Post Office, and $31,317.00 to the pharmacy. Karmey challenges the restitution to the pharmacy.